IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Curtis Sullivan, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 4:20-cv-02378-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Warden Nanette Barnes, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Curtis Sullivan ("Petitioner"), a federal prisoner proceeding *pro se*, seeks relief under 28 U.S.C. § 2241. (ECF No. 1). Petitioner filed this Petition for Writ of Habeas Corpus on June 22, 2020. *Id*. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. On August 3, 2020, the magistrate judge issued an order directing Petitioner to bring the case into proper form by either paying the initial filing fee or moving for leave to proceed *in forma pauperis*. (ECF No. 8). The order further advised Petitioner of his duty to keep the court informed as to his current address. *Id*. at 2. The order warned Petitioner that failure to bring the case into proper form within the time permitted or to keep the court informed of any change in his address may subject the case to dismissal. *Id*. at 1, 2. The order was mailed to Petitioner on August 3, 2020, and has not been returned to the court. (ECF No. 9). Accordingly, Petitioner is presumed to have received the order. Nevertheless, Petitioner failed to respond to the magistrate judge's order or to pay the filing fee within the time permitted.

On September 3, 2020, the undersigned issued a text order granting Petitioner an additional 14 days in which to bring this case into proper form. (ECF No. 12). The court's order explicitly warned Petitioner that if he failed to comply and bring the case into proper form in the

1

time permitted, the court would consider Petitioner to have abandoned his claims and would dismiss the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *Id*. On September 16, 2020, Petitioner filed a letter in response to the court's order indicating that the $5.00 filing fee was withdrawn from his account on June 24, 2020, (ECF No. 15); however, the court has no record of ever having received the $5.00 filing fee that was allegedly withdrawn on that date, (ECF No. 18). On September 18, 2020, the court entered a text order informing Petitioner that the court never received the $5.00 filing fee and granting him an additional 21 days in which to submit the fee. *Id*. This text order was mailed to Petitioner on September 18, 2020, and has not been returned to the court. (ECF No. 19). To this date, Petitioner has failed to submit the filing fee and bring this case into proper form, and the time to do so has now run.

It is well established that a court has the authority to dismiss a case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (emphasis added). In addition to its inherent authority, this court may also *sua sponte* dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Id.* at 630.

In considering whether to dismiss an action pursuant to Rule 41(b), the court should consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the [plaintiff's history of] proceeding in a dilatory fashion; and,
>
> (4) the effectiveness of sanctions less drastic than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978) (internal quotation marks omitted).  These four factors "are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case.  *Ballard*, 882 F.2d at 95.  For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order" was an important factor supporting dismissal.  *See id.* at 95–96.

Here, the factors weigh in favor of dismissal.  As Petitioner is proceeding *pro se*, he is personally responsible for his failure to comply with the court's order.  Petitioner was specifically warned that his case would be subject to dismissal for failure to comply.  *See* (ECF Nos. 8, 12); *see also Cuffee v. Dep't of Corr.*, 757 Fed. App'x 272, 272–73 (4th Cir. 2019) (affirming dismissal under Rule 41(b) where plaintiff failed to comply with court order requiring payment of an initial partial filing fee); *Roudabush v. Mosley*, 736 Fed. App'x 56, (4th Cir. 2018) (affirming dismissal under Rule 41(b) where petitioner failed to bring the case into proper form and either pay the filing fee or apply to proceed *in forma pauperis*).  The court concludes that Petitioner's lack of response to the court's orders, (ECF Nos. 8, 18), indicates an intent to no longer pursue this action and subjects this case to dismissal.  *See* Fed. R. Civ. P. 41(b).  Furthermore, because Petitioner was explicitly warned that failure to respond or comply would subject his case to dismissal, dismissal is appropriate.  *See Ballard*, 882 F.2d at 95.

Accordingly, the court finds that Petitioner's case is subject to dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b) and for failure to comply with court orders.  Therefore, this case is **DISMISSED without prejudice**.  The clerk of court shall provide a filed copy of this order to Petitioner at his last known address.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by

demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

    **IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
October 13, 2020